UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **CURTIS CORY,** )<br>)<br>    **Plaintiff,** )<br>)<br>**v.** )<br>)<br>**OVINTIV USA INC. et al.,** )<br>)<br>    **Defendants.** ) | Case No. CIV-21-568-G |

## ORDER

Now before the Court is Defendant Ovintiv USA Inc.'s ("Ovintiv USA") Motion to Stay (Doc. No. 12), requesting pursuant to Federal Rule of Civil Procedure 41(d) that the Court order Plaintiff Curtis Cory to pay Defendant's costs and attorneys' fees and stay these proceedings until Plaintiff complies. Plaintiff, representing himself pro se,[1] responded in opposition (Doc. No. 20). Defendant replied (Doc. No. 23).

I. *Background*

   A. *This Action*

On June 4, 2021, Plaintiff filed a Complaint initiating this action, asserting claims against Defendants Ovintiv USA Inc., Ovintiv Mid-Continent Inc., and Ovintiv Inc. for quiet title and breach of contract. Compl. (Doc. No. 1). Specifically, Plaintiff alleges here that Defendants breached an oil and gas lease agreement (the "Lease") by drilling and

---

[1] Plaintiff was represented by counsel at the initiation of this action. After the filing of the Complaint and the filing of the instant Motion, Plaintiff's counsel requested to withdraw. *See* Doc. No. 16. The Court granted Plaintiff's counsels' request, directing Plaintiff either to procure new counsel or appear in this matter pro se. *See* Doc. No. 21. Plaintiff thereafter filed an entry of appearance pro se. *See* Doc. No. 22.

completing the Katie 1506 1H-36 Well (the "Katie Well") on a 640-acre drilling and spacing unit created by order of the Oklahoma Corporation Commission in section 36, Township 15 North, Range 9 West, Kingfisher County, Oklahoma ("Section 36"). *See id.* ¶¶ 7-8, 14, 37, 48. Plaintiff alleges that the Lease pertains to his undivided interest in 160 acres that are located in the Northeast Quarter of Section 36. *See id.* ¶ 7. Plaintiff's claim for quiet title is based on the allegation that four gas wells drilled by Ovintiv's predecessor-in-interest in Section 36 (the "Alig Wells") ceased producing in paying quantities and that there was no other well that perpetuated the Lease. *See id.* ¶¶ 16, 53-61.

B. *Prior Proceedings*

On January 30, 2019, Plaintiffs Curtis Cory and Cheryl Cory filed an action against Newfield Exploration Mid-Continent, Inc. ("Newfield") in the District Court of Kingfisher County, Oklahoma, asserting claims for quiet title, breach of contract, tortious interference, and bad faith (the "Original Action"). *See* Def.'s Ex. 1, Pet. (Doc. No. 12-1) at 1-7. In the state court petition in the Original Action, Plaintiffs alleged that Defendant Newfield breached Plaintiffs' Lease, the same oil and gas lease at issue in this action, by drilling and completing the Katie Well in Section 36. *See id.* at 1-3. Plaintiffs also asserted a claim for quiet title in the state court petition on the basis that the Alig Wells had ceased producing in paying quantities and that no other well perpetuated the Lease. *See id.* at 3-4.

On March 6, 2019, Defendant Newfield removed the Original Action to the United States Court for the Western District of Oklahoma on the basis of diversity jurisdiction. *See* Doc. No. 1 (*Cory v. Newfield Exp. Mid-Con.*, No. CIV-19-221-G (W.D. Okla.) ("*Cory I*")). The parties litigated the Original Action before this Court for approximately 20

months, briefing Defendant's motion for partial judgment on the pleadings,[2] engaging in discovery, and briefing summary judgment and *Daubert* motions. In September 2020, however, Defendant Newfield notified the Court as to a potential jurisdictional defect, specifically that deposition testimony revealed a different home state for a plaintiff than alleged and a resulting lack of complete diversity.[3] *See* Doc. No. 57 (*Cory I*). On December 4, 2020, the Court ruled that there was not complete diversity of the parties and remanded the action to the District Court of Kingfisher County, Oklahoma. *See* Doc. No. 63 (*Cory I*). The parties filed a Joint Motion to Vacate the Order remanding the case, which the Court denied on December 9, 2020. *See* Doc. Nos. 64, 66 (*Cory I*).

After remand, the parties proceeded to litigate the Original Action in the state court. Defendant Newfield re-asserted its motion for summary judgment. *See Cory v. Newfield Exploration Mid-Con, Inc.*, Case No. CV-2019-14 (Kingfisher Cnty. Dist. Ct.).[4] A hearing was set in February of 2021, and then reset in March of 2021. *See id.* Prior to the state court hearing, on February 2, 2021, additional counsel, attorneys Anne E. Zachritz and Jason C. Bollinger, entered appearances on behalf of Plaintiffs.[5] *See id.* Three weeks later,

---

[2] The Court granted in part and denied in part Defendant's motion for partial summary judgment on the pleadings, granting judgment in Defendant's favor on Plaintiff's claims for tortious interference with contract and bad faith. *See* Doc. No. 26 (*Cory I*).

[3] The jurisdictional defect related to co-Plaintiff Cheryl Cory, who was domiciled in Texas, the same state in which Defendant Newfield had its principal place of business.

[4] The case docket is publicly available through https://www.oscn.net.

[5] Plaintiffs were represented by attorneys Niles Struck and Russell Walker in the Original Action. *See* Doc. Nos. 1-1, 14, 16 (*Cory I*). Plaintiff states in his Response that he sent a notice of termination and request to withdraw to attorney Struck on January 23, 2021. *See* Pl.'s Resp. at 18. There is no indication in the *Cory I* record or the state court record that

on February 23, 2021, attorneys Zachritz and Bollinger moved to withdraw as counsel for Plaintiffs in the state action. *See id.* On that same day, Plaintiffs moved, pro se, for a 60-day stay of proceedings. *See id.*

On March 1, 2021, the state court granted attorneys Zachritz and Bollinger's motion to withdraw, postponed the hearing on Defendant's motion for summary judgment to "a later date and time which is at least thirty (30) days after the date of this Order," and ordered Plaintiffs to retain substitute counsel or enter appearances to proceed pro se within 30 days of the date of the order. *Id.* On March 10, 2021, the state court reset the summary judgment motion hearing for April 9, 2021. *See id.* On March 12, 2021, Plaintiffs filed a voluntary dismissal of all claims without prejudice. *See id.*

## C. *Identity of Defendants*

There have been name and ownership changes among the defendants that are pertinent in understanding whether Plaintiff's Original Action is the same as the current action. Defendant Ovintiv USA states that Newfield Exploration Mid-Continent, Inc. changed its name to Ovintiv Mid-Continent Inc., a named Defendant in this case. *See* Mot. (Doc. No. 12) at 2 n.2; *see also* Def.'s Corp. Disclosure Statement dated Nov. 2, 2020 (Doc. No. 62) (*Cory I*). Defendant further states that, effective July 1, 2021, Ovintiv Mid-Continent Inc. merged into Ovintiv USA, a named Defendant in this case. *See* Mot. (Doc. No. 12) at 2. The third and final named Defendant in this case, Ovtintiv Inc., is a parent entity that wholly owns Ovintiv USA through a wholly-owned intermediate subsidiary,

---

either attorney Struck or attorney Walker moved to withdraw or were permitted to withdraw as counsel for Plaintiff.

4

Alenco Inc.  *See* Defs.' Corp. Disclosure Statement dated July 20, 2021 (Doc. No. 10).

## II. Discussion

Defendant moves the Court, pursuant to Federal Rule of Civil Procedure 41(d), to award Defendant costs incurred in defending the Original Action in the amount of $7,194.40 for costs and $9,999.57 for attorneys' fees, and to stay the proceedings in this case until payment is made.  Rule 41(d) provides as follows:

> **(d) Costs of a Previously Dismissed Action.** If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:
> (1) may order the plaintiff to pay all or part of the costs of that previous action; and
> (2) may stay the proceedings until the plaintiff has complied.

Fed. R. Civ. P. 41(d).  "The purpose of the rule is to prevent the maintenance of vexatious law suits and to secure, where such suits are shown to have been brought repetitively, payment of costs for prior instances of such vexatious conduct."  *Meredith v. Stovall*, 216 F.3d 1087, 2000 WL 807355, *1 (10th Cir. 2000) (unpublished) (internal quotation marks omitted); *see also Simeone v. First Bank Nat'l Ass'n*, 971 F.2d 103, 108 (8th Cir. 1992) ("Costs awarded under Rule 41(d) . . . are intended to serve as a deterrent to forum shopping and vexatious litigation.").

Upon review of the record and upon comparison of the claims and allegations in the Original Action and the Complaint in this action, the Court finds that the elements of Rule 41(d) are plainly met here.  Plaintiff Curtis Cory previously dismissed an action in the District Court of Kingfisher County that was based on the same claims against the same Defendant as the Complaint alleges here.  Specifically, the Petition at issue in the state

court action and *Cory I* included (a) the same claims for breach of contract and quiet title (b) against the same defendant (i.e., Newfield Exploration Mid-Continent, Inc, which was renamed as Ovintiv Mid-Continent Inc. and then merged into Ovintiv USA), (c) based on the same set of allegations, i.e. that Defendant Ovintiv USA breached Plaintiff's Lease by drilling and completing the Katie Well in Section 36 and that the Alig Wells had ceased producing in paying quantities without another well to perpetuate the Lease.

Finding that Rule 41(d) is properly invoked by Defendant Ovintiv USA, the Court must decide whether to award costs, attorneys' fees, or both, and whether to stay these proceedings until Plaintiff makes the required payment under Rule 41(d)(1)-(2). "[T]he decision whether to impose costs and attorney's fees is within the discretion of the trial court." *Meredith*, 216 F.3d 1087, at *1. Although there is a split of authority as to whether Rule 41(d) authorizes attorneys' fees as part of an award of "costs," the majority of courts find that attorneys' fees are available under Rule 41(d), and "the Tenth Circuit indicated in its unpublished opinion in *Meredith* that an award may be appropriate as part of an award of costs under Rule 41(d)." *Oteng v. Golden Star Res., Ltd.*, 615 F. Supp. 2d 1228, 1240 (D. Colo. 2009); *see also Duffy v. Ford Motor Co.*, 218 F.3d 623, 632-33 (6th Cir. 2000). "No showing of bad faith is required before costs may be imposed on the plaintiff under Rule 41(d), but the plaintiff's motive in dismissing the prior action may be taken into account." *Oteng*, 615 F. Supp. 2d at 1240.

Plaintiff states in his Response that he voluntarily dismissed the Original Action because of issues and disputes with his attorneys after the Original Action was remanded in 2021, citing counsel's "continuing missteps." *See* Pl.'s Resp. at 18. Plaintiff dedicates

6

much of his Response to discussing errors he believes were made by his counsel during the Original Action that ultimately resulted in remand. *See id.* at 12-18. Plaintiff states that he was therefore "without counsel" in March 2021 and argues that voluntary dismissal was "the only reasonable course of action given the circumstances and timeframe." *Id.*

The Court observes that the state court appeared amenable to providing Plaintiff time to retain new counsel and, even if Plaintiff chose not to do so, Plaintiff could have proceeded with the action pro se, as he is presently doing here. The Court further observes that Plaintiff chose to terminate his attorney in the Original Action after remand, that Plaintiff was able to retain new counsel in February 2021, who withdrew shortly thereafter, and that Plaintiff was able to retain new counsel again by at least June 4, 2021, the date Plaintiff's counsel filed the Complaint in this action.[6]

The Court finds that an award of costs to Defendant Ovintiv USA is warranted here and that this case should be stayed until payment is made. In the Court's view, Plaintiff's acts of voluntarily dismissing the Original Action in state court and refiling the same causes of action against the same defendant in federal court approximately three months later reflect, by themselves, an attempt to circumvent the remand to state court and to begin the action anew. This is the type of conduct Rule 41(d) is intended to deter, as it will result in substantial and unnecessary additional expense for Defendant Ovintiv USA that cannot be justified by the reasons offered by Plaintiff for the voluntary dismissal.

---

[6] Plaintiff was represented in this matter by attorneys Jason Kreth and Zachary Brandt, who did not appear for Plaintiff in the Original Action. Attorneys Kreth and Brandt withdrew from this matter after filing the Complaint, citing "irreconcilable differences with Plaintiff." *See* Doc. No. 16.

7

Defendant Ovintiv USA states that it is not seeking reimbursement for all costs and fees incurred in litigating the Original Action but only those associated with four depositions taken in the Original Action that Defendant Ovintiv USA believes are not useful in this case. *See* Def.'s Reply at 5. Defendant Ovintiv USA further states, based on representations by Plaintiff in his Response, that the parties may be able to agree to an amount of costs and fees if permitted the opportunity to discuss the matter. *See id.* Based on these statements, the Court ORDERS as follows:

- This action is hereby STAYED pursuant to Federal Rule of Civil Procedure 41(d)(2);

- The parties shall meet and confer within the next 30 days to discuss whether they agree on the amount of costs and fees to be awarded under Federal Rule of Civil Procedure 41(d)(1);

- No later than May 1, 2023, Defendant Ovintiv USA shall file a written status report advising the Court as to any such agreement or, if no agreement is reached, the amount sought by Defendant based on the documents already submitted to the Court.

IT IS SO ORDERED this 31st day of March, 2023.

_____
CHARLES B. GOODWIN
United States District Judge